UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Kelvin L. James,

    Petitioner

v.

State of Nevada,

    Respondent

Case No. 2:25-cv-01527-CDS-EJY

**Screening Order**

  Petitioner Kelvin L. James, a Nevada prisoner, has filed a motion for leave to proceed *in forma pauperis* and a pleading seeking relief in relation to the validity and length of his prison sentence. ECF No. 1. Because a habeas corpus petition is the vehicle for seeking such relief in federal court,[1] I must review the pleading under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254. Having done so, I dismiss this case for the reasons that follow.

  First, James's pleading is on a form designed for federal prisoner's moving to have their sentence vacated, set aside, or corrected under 28 U.S.C. § 2255. ECF No. 1-1. State prisoners seeking such relief must file a petition for writ of habeas corpus under 28 U.S.C. § 2254 on the form provided by this court. LSR 3-1, Local Rules of Practice, U.S. District Court of Nevada. While James could correct this defect by filing his pleading on the correct form, his pleading suffers from more fatal flaws.

  James raises two grounds for relief. His first ground is difficult to make out, but it appears to be claim that the Nevada Department of Corrections has not calculated the length of his sentence in accordance with Nevada law. ECF No. 1-1 at 5; ECF No. 1-2 at 5. Alleged errors in the interpretation or application of state law do not warrant federal habeas relief. *Hubbart v. Knapp*, 379 F.3d 773, 779–80 (9th Cir. 2004); *see also Jackson v. Ylst*, 921 F.2d 882, 885 (9th Cir. 1990) ("noting that [the federal court] ha[s] no authority to review a state's application of its own laws"). Even if James could provide sufficient facts to demonstrate that Nevada's calculation of his sentence

---

[1] "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (citation omitted).

implicates the federal constitution, he must first exhaust state court remedies for his federal claim by providing the highest state court with a fair opportunity to consider the claim before presenting it to the federal court. *See Poyson v. Ryan*, 879 F.3d 875, 894 (9th Cir. 2018). Here, there is no indication that James completed state court exhaustion for his sentencing claim before filing his federal habeas petition.

James's second claim for relief is even more difficult to decipher than his first. It appears that he is taking issue with Nevada characterizing his crime as voluntary manslaughter because "voluntary" suggests an intentional act, while "manslaughter" suggests an unintentional killing. Because the claim is vague and fails to state facts establishing a possible constitutional violation, it is subject to summary dismissal. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (noting that summary dismissal is appropriate where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false); *see also* Rule 4 Advisory Committee Notes (providing that the petition must "state facts that point to a 'real possibility of constitutional error'" (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

I further note that James already has a pending habeas proceeding in this court challenging the same judgment of conviction—*James v. Gittere*, Case No. 3:24-cv-00286-ART-CSD. Any claim addressing the validity of his conviction should be brought in that proceeding.

IT IS THEREFORE ORDERED that this action is dismissed without prejudice. The Clerk is directed to close this case.

IT IS FURTHER ORDERED that a certificate of appealability is denied as jurists of reason would not find my dismissal of this improperly commenced action without prejudice to be debatable or incorrect.

IT IS FURTHER ORDERED that James's motion for leave to proceed *in forma pauperis* [ECF No. 1.] is denied as moot.

Dated: August 22, 2025

_____
Cristina D. Silva
United States District Judge